UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JESSE CAMPBELL,

                      Plaintiff,

         -against-

THE CITY OF NEW YORK, NYPD,
MARC STOLL and JOHN DOE 1,

                      Defendants.
------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

14 CV 4207 (KAM) (RML)

        Plaintiff JESSE CAMPBELL (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States and New York Constitutions.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Richmond, State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. Defendant NYPD is responsible for hiring, training and disciplining its members. Although the NYC Charter states that NYPD is a non-suable entity, the lawsuit is brought against defendant City in its place. NYPD supervisors are sued in their official and supervisory capacities.

8. Defendants Stoll and John Doe 1 (his partner) are officers with the NYPD and are/were assigned to the 122nd precinct at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

9. On or about August 21, 2011, plaintiff was arrested near Armstrong Avenue, Staten Island, New York by Stoll and his partner ("John Doe 1") both based out of the 122nd precinct.

10. Defendants arrested plaintiff for possession of heroin. Plaintiff had initially informed the defendants the location of the drugs, which led to his arrest. He also informed them he did not have any more drugs on him.

11. Plaintiff was transported to the 122nd precinct by Stoll and John Doe 1.

12. At the precinct, plaintiff was first handcuffed to a bench and then brought inside a jail cell where he was stripped naked.

13. Even though plaintiff did not have any additional drugs, defendants Stoll and John Doe 1 decided to strip-search him.

14. However, the strip-search escalated into an invasive, humiliating, barbaric and painful ordeal for plaintiff.

15. Defendant Stoll stuck his fingers or another sharp object into plaintiff's rectum so hard that plaintiff screamed with pain.

16. As plaintiff continued to scream from the pain, both defendants could see that he was bleeding through his rectum. However, they both refused to get him any medical attention.

17. Instead, defendants shackled plaintiff's feet and maced him in an effort to suppress his screams.

18. However, this only exacerbated plaintiff's pain and he continued to scream and yell for help.

19. Defendant John Doe then left plaintiff with defendant Stoll and upon information and belief informed the commanding officer that there was no need for concern and that plaintiff was merely "acting."

20. Defendant Stoll continued to assault plaintiff and defendant John Doe failed to intervene.

21. At one point, plaintiff saw a female officer who told defendant Stoll that "you're not supposed to do this." However, Stoll simply ignored her and told her to "mind your business."

22. Defendant Stoll continued to kick, punch and beat plaintiff striking him all over his body including his legs, back, head, ears and kidneys.

23. Plaintiff was bleeding from numerous places on his body including his rectum.

24. Plaintiff was eventually transferred to a hospital for medical treatment.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Fourth Amendment-Excessive Force)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. Defendants used excessive and unreasonable force against Plaintiff.

27. There was no need to sodomize or otherwise beat plaintiff who was not resisting and had not done anything to deserve the conscience-shocking beating bestowed upon him by the defendants.

28. As a result of the beating, plaintiff suffered massive internal, physical and psychological injuries.

29. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right was violated and he sustained injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unreasonable Search- Fourth Amendment)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants conducted a search that was beyond reasonable and more intrusive than is expected of law enforcement personnel.

32. Defendants intrusive search was unnecessary to obtain any legitimate law enforcement purpose

33. As a result of defendants' conduct, plaintiff was injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Conspiracy under 42 U.S.C. 1985)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants conspired with one another to hide the facts of the event in question.

36. Defendants fabricated evidence in an effort to silence plaintiff and to deny him medical attention.

37. Defendants engaged in such conduct to safeguard their jobs, title and protect themselves from liability.

38. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to assaulting detainees for voicing their concerns about improper police activity. In addition, the City and NYPD engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

42. As a result of the failure of NYPD to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants

have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deliberate Indifference to Medical Needs-8th Amendment)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants Stoll and John Doe 1 assaulted plaintiff to the point that he needed urgent medical treatment. However, the defendants failed to provide prompt medical treatment and in turn continued to prolong plaintiff's misery from the assault.

46. As a result, plaintiff suffered emotional and physical injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. While defendant Stoll continued his assault on plaintiff, defendant John Doe 1 failed to intervene or otherwise stop the assault on plaintiff.

49. In addition, defendant John Doe 1 failed to report the wrongful conduct to appropriate supervisor.

50. As a result of defendant John Doe 1's failure to intervene, plaintiff suffered injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability against NYPD)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendant supervisors of the NYPD were aware of individual defendants and their subordinate's action and past misdeed. However, they ignored that conduct and in fact tacitly approved of the wrongful conduct thus allowing their subordinates to further engage in violation of individual's rights.

53. Defendant supervisors of the NYPD whose job was to supervise their subordinates and discipline them, failed to do so because they did not care about their misdeeds and were deliberately indifferent to their misconduct thus causing injuries to individuals such as plaintiff.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Twenty Million Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       August 4, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorney for Plaintiff*
